JORGE L. SANCHEZ, ESQ,
Nevada Bar No. 10434
SANCHEZ LAW GROUP, LTD.
930 South Fourth Street, Suite 211
Las Vegas, Nevada 89101
Phone (702) 635-8529
Attorneys for Debtors,

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| In re: | ) | BK-09-19602 BAM |
| | ) | |
| JOSE MIRANDA | ) | CHAPTER 13 |
| | ) | |
| | ) | **MOTION TO VALUE DEBTOR'S** |
| | ) | **NON-PRINCIPAL RESIDENCE** |
| | ) | **REAL PROPERTY** |
| | ) | |
| | ) | DATE:  September 17, 2009 |
| Debtor(s). | ) | TIME:   3:30 p.m. |
| | ) | |

COMES NOW, Debtor, JOSE MIRANDA (hereinafter "Debtor"), by and through his attorney, Jorge L. Sanchez, of the law firm of SANCHEZ LAW GROUP, LTD., and moves this Court to value Debtor's non-principal residence, determine the first lien for which DEUTSCHE BANK NATIONAL TRUST COMPANY is trustee to be partially unsecured, determine the second lien of AMERICA'S SERVICING COMPANY to be wholly unsecured and, accordingly, modify the proof(s) of claim which said creditors may file or have filed and modify the rights of said creditors.  This Motion is brought pursuant to 11 U.S.C. § 502(a), §506(a), §1322(b)(2), and Bankruptcy Rule 3012 and 9014, the Points and Authorities set forth below and all documents and pleadings on file herein.

**POINTS AND AUTHORITIES**

1.	Debtor filed a Chapter 13 petition in the United States Bankruptcy Court, District

1

of Nevada on June 5, 2009.

2. On the date of the petition, Debtor was the owner of real property used as a rental property known and described as 4665 Via San Rafael, Las Vegas, NV 89103, bearing the following legal description:

PARK VILLAS UNIT #2
PLAT BOOK 23 PAGE 12
LOT 31 BLOCK 3
SEC 18 TWP 21 RNG 61

3. The value of said principal residence at the time his Chapter 13 petition was filed was $80,000.00 as set forth more particularly in a written professional appraisal of subject property (Exhibit "**A**").

4. At the time of the filing of Debtor's petition, the Subject Property was subject to the following liens per Proof of Claim filed by Deutsche Bank National Trust Company and Schedule D[1] of Debtor's Petition:

Deutsche Bank National Trust Company     First Mortgage:     $186,673.87 (Exhibit "**B**")
America's Servicing Company              Second Mortgage:    $87,185.00 (Exhibit "**C**")

5. As of the date Debtors' Chapter 13 petition was filed, no equity existed in said property above the amount of the appraisal value of $80,000.00 thereby leaving the first mortgage claim for which DEUTSCHE BANK NATIONAL TRUST COMPANY is trustee as partially secured to the extent of the value of the property and the second mortgage claim of America's Servicing Company wholly unsecured. If said property were foreclosed or otherwise

---

[1] Please find "Schedule D of Debtor's Chapter 13 Petition attached hereto as Exhibit "**C**". As America's Servicing Company has not filed a proof of claim as of the filing of this Motion, and Debtor is required to prosecute the instant Motion prior to confirmation of his Chapter 13 plan, Debtor is relying upon the balance and addresses reported to credit reporting agencies, as set forth on Debtor's Statements from the respective creditor and as previously recorded by said creditor with the Bankruptcy Court, where applicable, in support of this Motion.

sold at auction on the date of the petition, DEUTSCHE BANK NATIONAL TRUST COMPANY would only receive partial payment on its first mortgage claim and AMERICA'S SERVICING COMPANY would receive nothing on its second mortgage claim.

6. Based on the value of Subject Property, Debtor declares that the first mortgage claim of DEUTSCHE BANK NATIONAL TRUST COMPANY is only partially secured and that the unsecured portion of the loan should be reclassified as unsecured to share pro rata with other general unsecured creditors through the Debtor's Chapter 13 plan. Debtor also requests that the first lien of DEUTSCHE BANK NATIONAL TRUST COMPANY be modified, stripped down and reduced to the actual value of the property.

7. Based on the value of Subject Property, Debtor declares that the second mortgage claim of AMERICA'S SERVICING COMPANY is wholly unsecured and its entire loan should be reclassified as unsecured to share pro rata with other general unsecured creditors through the Debtor's Chapter 13 plan. Debtor also requests AMERICA'S SERVICING COMPANY's second lien be avoided and "stripped off" pursuant to 11 U.S.C. § 506(a) by Order of this Court

## LEGAL ARGUMENT

**A. The Restrictions of 11 U.S.C. §1322(b)(2) Do Not Apply to Real Property Which is Not Debtor's Principal Residence.**

11 U.S.C. §1322(b)(2) does not apply to this property as it is not Debtor's principal residence.

>That section provides:
>
>>(b) Subject to subsections (a) and (c) of this section, the plan may —
>>
>>*****
>>
>>(2) modify the rights of holders of secured claims, other
>>Than a claim secured only by a security interest that is
>>secured by an interest in real property that is the debtor's

3

principal residence, . . . .

**B. The Claims by Lienholders May be Bifurcated into Secured and Unsecured Claims Pursuant to 11 U.S.C. §506(a)**

11 U.S.C. § 506(a)(1) provides in pertinent part:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject To setoff under section 553 of title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount of such allowed claim.

In re Zimmer, 313 F.3d 1220, 1221 (9th Cir.2002), accepted what was the majority view in the various circuits, that a, wholly unsecured lienholder is not entitled to the protection of 11 U.S.C. § 1322(b)(2). The Court stated that a wholly unsecured lienholder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. § 506(a).

**C. Any Proof of Claim Filed by Named Lienholders Should be Conformed by Order of This Court to any Modification of Their Rights Determined by This Court.**

11 U.S.C. §502 provides that a claim of interest represented by proper Proof of Claim filed pursuant to section 501 is deemed allowed unless objected to. Debtor herewith objects to any and all Proof(s) of Claim which may have been filed by DEUTSCHE BANK NATIONAL TRUST COMPANY and AMERICA'S SERVICING COMPANY relative to their loans and request that any Proof(s) of Claim of the same representing such claims be modified consistent with the Order of this Court determining their claims to be wholly unsecured in the case of the

lien of AMERICA'S SERVICING COMPANY and only partially secured in the case of the lien of DEUTSCHE BANK NATIONAL TRUST COMPANY.

**CONCLUSION**

Debtor requests determination of the value of Debtor's non-principal residence real property to be less than the amount of the first lien of DEUTSCHE BANK NATIONAL TRUST COMPANY. As such AMERICA'S SERVICING COMPANY's second lien is wholly unsecured and may be completely avoided and "stripped off" pursuant to 11 U.S.C. § 506(a) and that the first lien of DEUTSCHE BANK NATIONAL TRUST COMPANY may be modified, stripped down and reduced to the actual value of the property; that the said claims be reclassified as general unsecured claims to be paid pro rata with other general unsecured creditors through the Debtor's Chapter 13 plan and that the Proofs of Claim of the lienholders be modified consistent with the actual value of the property.

Wherefore, Debtor prays this Court:

A.     Determine the value of Debtors' non-principal residence real property to be $80,000.00 or such other amount as the evidence may justify as of the date of the Petition;

B.     Avoid and extinguish the second lien of AMERICA'S SERVICING COMPANY as a wholly unsecured lien pursuant to 11 U.S.C. §506(a) upon completion of the Debtor's Chapter 13 plan;

C.     Modify the first lien of DEUTSCHE BANK NATIONAL TRUST COMPANY as secured only to the extent of the actual value of the property as of the date of the Petition; and

D.     Reclassify the second claim of AMERICA'S SERVICING COMPANY and the non-secured portion of DEUTSCHE BANK NATIONAL TRUST COMPANY's claim as

general unsecured claims to be paid pro rata with other general unsecured creditors through the Debtor's Chapter 13 plan; and

  E.  Conform any Proof(s) of Claim filed by DEUTSCHE BANK NATIONAL TRUST COMPANY and AMERICA'S SERVICING COMPANY to the secured/unsecured status of said claims as determined by this Court.

  E.  Order such other relief as the Court may deem appropriate.

Dated: August 17, 2009

Respectfully Submitted:
/s/Jorge L. Sanchez, Esq. /s/
Jorge L. Sanchez, Esq.
Attorney for Debtor
JORGE L. SANCHEZ, ESQ,
Nevada Bar No. 10434
SANCHEZ LAW GROUP, LTD.
930 South Fourth Street, Suite 211
Las Vegas, Nevada 89101
Phone (702) 635-8529
Attorneys for Debtors,